IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| KENNETH VOSS, | ) | 8:18CV487 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| STATE OF SOUTH DAKOTA, | ) | |
| Defendant. | ) | |

On October 12, 2018, Kenneth Voss, proceeding pro se, filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. (Filing 1) Attached to the Notice of Removal is a Uniform Complaint and Summons that was issued on September 7, 2018, charging Voss with driving while suspended and directing him to appear before the Magistrate Court, First Judicial Circuit, Hutchison County, South Dakota, on September 24, 2018. (Filing 1, p. 5)

The clerk of this court docketed the Notice of Removal as a civil complaint filed pursuant to 42 U.S.C. § 1983 (*i.e.*, as a civil rights action). Voss filed a motion for leave to proceed in forma pauperis (IFP), which was granted on October 16, 2018. (Filings 2, 4)

It appears, however, that Voss may be attempting to remove his state criminal case to this court pursuant to 28 U.S.C. §§ 1443 and 1455. A filing fee is not required for the removal of a state criminal prosecution to federal court. *See Lefton v. City of Hattiesburg, 333 F.2d 280, 285 (5th Cir. 1964)*.

A defendant who wishes to remove a criminal prosecution from a state court must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon

such defendant . . . in such action." 28 U.S.C. § 1455(a). In addition, "[a] notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant . . . leave to file the notice at a later time." 28 U.S.C. § 1455(b)(1).

The federal statute governing the removal of criminal prosecutions from state court to federal court states, in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . . .

28 U.S.C. § 1443.

To the extent Voss is requesting removal of his state criminal case to this court, this matter will be summarily remanded because it "appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1455(b)(4). Removal should not be permitted for at least two reasons: First, the United States District Court for the District of Nebraska is not the proper venue for removal of a criminal case that is pending in South Dakota. *See* 28 U.S.C. § 1443(1). And, second, to demonstrate that removal is proper under § 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." *Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997). Stated differently, "the right denied defendant must be one that arises under a federal law that provides for specific civil rights stated in terms of racial equality" and "the defendant must be unable to or be denied the opportunity to enforce these specified federal rights

in the courts of the state in question." *Conrad v. Robinson*, 871 F.2d 612, 614-15 (6th Cir. 1989) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)). Voss does not allege that he was denied any civil rights on racial grounds or under a federal equal rights law.

To the extent Voss's Notice of Removal may be construed as a civil complaint under 42 U.S.C. § 1983, it fails to set forth any plausible factual allegations suggesting a violation of Voss's constitutional rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Thus, the case will be summarily dismissed under 28 U.S.C. § 1915(e)(2) as frivolous and failing to state a claim upon which relief may be granted.[1]

IT IS THEREFORE ORDERED:

1. To the extent Voss's Notice of Removal may be construed as a civil complaint, it is dismissed without prejudice for failure to state a claim upon which relief may be granted.

2. To the extent Voss is requesting removal of his state criminal case to this court, his request is denied and this case is remanded to the Magistrate Court, First Judicial Circuit, Hutchison County, South Dakota.

3. Judgment shall be entered by separate document and the clerk of the court shall proceed to close this file for statistical purposes.

---

[1] Voss has filed other "notices of removal" this year, all of which have been summarily dismissed and remanded. *See Voss v. State of Nebraska*, Case Nos. 8:18CV28, 8:18CV119, and 8:18CV340; *Voss v. State of Colorado*, Case No. 8:18CV346.

4. The clerk of the court shall send a copy of this Memorandum and Order and of the Judgment to:

>   Clerk of Court, First Judicial Circuit
>   Hutchison County Courthouse
>   140 Euclid
>   Olivet, SD 57052

DATED this 25th day of October, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge